# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON, | Case No.: 1:17-cv-00220 - DAD - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| SUPERIOR COURT OF BAKERSFIELD, et al., | |
| Defendants. | |

Robey Hairston initiated this action by filing on February 9, 2017. (Doc. 1) Plaintiff failed to pay the filing fee as previously ordered by the Court and failed to comply with the Local Rules requiring him to keep the Court apprised of a current address. Thus, the Court **RECOMMENDS** that the action be **DISMISSED** without prejudice.

**I.     Relevant Procedural History**

Plaintiff contends his civil rights were violated and he suffered bodily injury in an incident at Tehachapi California Correctional Institution on September 28, 2014. (*See* Doc. 1 at 3) Previously, Plaintiff filed a complaint related to the same incident and against similar defendants in Case No. 1:16-cv-01190-LJO-BAM. The Court observed that "Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that '[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

1

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" (Case No. 1:16-cv-01190-LJO-BAM, Doc. 15 at 1-2) The Court took judicial notice of the fact that Plaintiff previously filed three actions that were dismissed by the Central District of California, including: *Hairston v. Hudson*, 5:10-cv-00750-UA-MLG (C.D. Cal.) (dismissed May 28, 2010); *Hairston v. Oliver*, 5:10-cv-00775-UA-MLG (C.D. Cal.) (dismissed June 8, 2010); *Hairston v. CCI/CDC*, 5:10-cv-00865-UA-MLG (C.D. Cal.) (dismissed June 23, 2010). Finding Plaintiff had filed three cases that were dismissed for the reasons identified under 28 U.S.C. § 1915(g), the Court dismissed the action "without prejudice to re-filing *accompanied by the $400.00 filing fee.*"[1] (Case No. 1:16-cv-01190-LJO-BAM, Doc. 15 at 2) (emphasis added).

After Plaintiff failed to pay the filing fee as ordered when he initiated this action, the Court again directed Plaintiff "pay the $400.00 filing fee within fourteen days of the date of service" on March 16, 2017. (Doc. 7) However on April 4, 2017, the Court's order was returned as undeliverable. To date, Plaintiff's current mailing address remains unknown.

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the Court's order was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local

---

[1] The Court determined also that Plaintiff's allegations do not satisfy the imminent danger exception to Section 1915(g), because his complaint concerns an incident from September 2014—more than two years prior to the filing of the action—and fraud in a state court action. (*See* Case No. 1:16-cv-01190-LJO-BAM, Doc. 15 at 2, citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007)).

rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance while waiting for Plaintiff to notify the Court of a change in address. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Plaintiff has failed to follow the requirements of the Local Rules and failed to comply with the Court's order to pay the filing fee. As set forth above, the factors articulated by the Ninth Circuit weigh in favor of dismissal, and no lesser sanction is feasible given the Court's inability to communicate with Plaintiff. Accordingly, the Court **RECOMMENDS**:

1.     This action be **DISMISSED WITHOUT PREJUDICE**; and

2.     The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **June 8, 2017**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE